## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

Edward P. Bakos (ebakos@bakoskritzer.com)
Noam J. Kritzer (nkritzer@bakoskritzer.com)
**Bakos & Kritzer**
845 Third Avenue, Sixth Floor
New York, New York 10022
Telephone: 212-724-0770

*Counsel for Plaintiffs:*
*Kara Ross New York, LLC and*
*Diamonds Unleashed, LLC*

| | |
|---|---|
| **KARA ROSS NEW YORK, LLC** (a New York corporation) and **DIAMONDS UNLEASHED, LLC** (a Delaware corporation), <br><br>                    Plaintiffs, <br><br> v. <br><br> **ALPHA CREATIONS, INC.** d/b/a **BRIAN GAVIN DIAMONDS** (a Texas corporation), <br><br>                    Defendant. | CIVIL ACTION FILE NUMBER: <br><br><br><br><br><br><br> *Document filed Electronically* <br><br> Jury Trial Demanded |

## COMPLAINT FOR DECLARATORY JUDGMENT

KARA ROSS NEW YORK, LLC (hereinafter, "KRNY") and DIAMONDS UNLEASHED, LLC (hereinafter, "Diamonds Unleashed") (hereinafter, collectively "Plaintiffs") by their undersigned attorneys, bring this action for declaratory judgment and upon actual knowledge with respect to itself and its own acts, and upon information and belief as to all other matter, allege against Defendant ALPHA CREATIONS, INC. d/b/a BRIAN GAVIN DIAMONDS (hereinafter, "Alpha Creations" or "Defendant") as follows:

## PRELIMINARY STATEMENT

1. Plaintiffs seek a declaration that their use of the Diamond Heart Logo and related trademarks and trade dress (hereinafter, "Diamonds Unleashed marks") does not infringe Defendant's rights in any way. On December 13, 2015, Defendant filed a Complaint in the Southern District of Texas, alleging trademark infringement by KRNY. Defendant never served the Complaint upon KRNY.

2. On March 31, 2016, following expiration of the time to serve its Complaint pursuant to Fed. R. Civ. P. 4(m), Defendant filed a First Amended Complaint, adding Diamonds Unleashed as a Defendant. On April 1, 2016, Defendants sought to serve its First Amended Complaint on KRNY and Diamonds Unleashed.

3. As a result, Plaintiffs bring this action to clarify the rights of the Parties in connection with jewelry and related goods going forward.

## PARTIES

4. Plaintiff KRNY is a New York corporation having its principal place of business at 224 West 30th Street, Suite 206, New York, New York 10001.

5. Plaintiff Diamonds Unleashed is a Delaware corporation having its principal place of business at 224 West 30th Street, Suite 206, New York, New York 10001.

6. Upon information and belief, Defendant Alpha Creations is a Texas corporation having its principal place of business in the State of Texas. Upon information and belief, Alpha Creations is transacting business in the State of New York and in this judicial district.

## JURISDICTION AND VENUE

7. This is an action for declaratory judgment arising under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201(a) and 2202, and the Lanham Act, 15 U.S.C. §§ 1121 and 1125(a).

8. The Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a), as it involves substantial claims arising under the Lanham Act.

9. The Court has subject matter jurisdiction over the remaining claims pursuant to 28 U.S.C. § 1367(a), as those claims are related to and arise from the same set of facts as Plaintiffs' Lanham Act claims.

10. Upon information and belief, personal jurisdiction is proper in this Court as to Defendant because Defendant solicits and transacts business in the State of New York and within this judicial district, including but not limited to advertising and sales. Upon information and belief, Alpha Creations has engaged in substantial sales within the State of New York. Upon information and belief, Alpha Creations has directed its advertising efforts to the citizens and residents of the State of New York. True and correct copies of screenshots of Defendant's on-line retail store are attached as Exhibit A.

11. Venue is proper in this judicial district under 28 U.S.C. § 1391(b), 28 U.S.C. § 1391(c), and 28 U.S.C. § 1400(a).

12. Defendant, through its actions, has impeded the activities of Plaintiffs and under the circumstances, there is a substantial controversy over infringement of the trademarks, between Plaintiffs and the Defendant, parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

**BACKGROUND**

13.     Plaintiffs KRNY and Diamonds Unleashed are owned and operated by Ms. Kara Ross, a certified gemologist by the Gemological Institute of America ("GIA") and designer of high-end luxury products, namely jewelry.

14.     KRNY was launched in 2003 as Ms. Ross's eponymous jewelry brand. KRNY expanded to include three collections, Kara Ross Fine Jewelry, the Gemstone Collection, and Kara by Kara Ross. In 2005, Ms. Ross further expanded her brand with the introduction of a luxury handbag collection featuring exotic skins and gemstone details. Clientele of KRNY have included various celebrities, including Anne Hathaway, Alicia Keys, Demi Moore, and Oprah Winfrey, as well as First Lady Michelle Obama. KRNY products have been sold at Bergdorf Goodman, Harrods, Saks Fifth Avenue, Bloomingdales, Henri Bendel, Scoop, Intermix, as well as other third-party retailers in addition to the KRNY flagship boutique in New York City.

15.     Ms. Ross's accolades and recognition throughout the jewelry industry and the general consuming public include the 2008 Fashion Group International Rising Star Accessories Award, the 2012 Design Award Winner by the Women's Jewelry Association, and her selection by the White House to create an exclusive line of jewelry for First Lady Michelle Obama to gift to visiting heads of state and departing female staffers.

16.     As a result of the success of the KRNY brands, in addition to her role at KRNY, Ms. Ross currently pursues philanthropic endeavors through a new brand, Diamonds Unleashed, launched in 2015. Diamonds Unleashed has, as its goal, to create an "international symbol of female empowerment." http://www.diamondsunleashed.org/about-diamonds-unleashed/the-diamonds-unleashed-symbol/. The mission of Diamonds Unleashed states, "Through the DIAMONDS UNLEASHED movement, Kara Ross will expand and express the symbolism of a diamond, freeing it to celebrate women's strength, independence, and solidarity." *Id.* All net

profits of Diamonds Unleashed are earmarked for Girls Who Code, a national nonprofit organization working to close the gender gap in technology and engineering, and She's the First, an international non-profit that provides scholarships to girls in low-income countries. http://www.diamondsunleashed.org/about-diamonds-unleashed/nonprofit-partners/.   A true and correct screenshot of the Diamonds Unleashed website is attached hereto as Exhibit B.

17. Diamonds Unleashed sells a wide range of jewelry, presently ranging from $99.00 to $37,500, in addition to other products through a variety of retail partners, the KRNY flagship store in New York, and direct-to-consumer television marketing.   True and correct copies of screenshots of Plaintiffs' products are attached hereto as Exhibit C.

18. Diamonds Unleashed has partnered with over 250 high profile women from across the globe in its Stilettos on the Ground™ ambassador program to promote the mission and message of Diamonds Unleashed and its non-profit partners. http://www.diamondsunleashed.org/ambassadors/directory-of-ambassadors/.

19. Diamonds Unleashed has prominently featured the Diamond Unleashed marks on its website and through social media such as Twitter, Facebook, Instagram, and Pinterest. Diamonds Unleashed has actively promoted the Diamonds Unleashed marks and mission through events across the United States, known as the Salon Series. http://www.diamondsunleashed.org/miami-salon/;   http://www.diamondsunleashed.org/rsvp-dallas-salon-event/.

20. Diamonds Unleashed has been the subject of widespread media coverage, including articles in Women's Wear Daily, a leading fashion industry publication, the New York Times, and Marie Claire Magazine.  http://www.diamondsunleashed.org/press-room/.  True and correct copies of the third party press coverage are attached hereto as Exhibit D.

21. Plaintiffs have filed for registration of the following marks with the United States Patent and Trademark Office:

| Serial Number | Mark | Application Filing Date | Class(es) |
|---|---|---|---|
| 86,665,852 | | June 17, 2015 | 014 – Jewelry<br><br>025 – Shoes; Women's Shoes |
| 86,871,711 | | January 11, 2016 | 041 – Providing on-line newsletters in the field of female empowerment, lifestyle, and jewelry; Providing online newsletters in the field of female empowerment, lifestyle, and jewelry via e-mail |

True and correct copies of Plaintiffs' pending trademark applications are attached hereto as Exhibit E.

22. Plaintiffs intend to file trademark applications with the United States Patent and Trademark Office to obtain protection for other marks within the Diamonds Unleashed family as such marks are developed and used in commerce.

6

23. Plaintiffs claim common law rights in the following trademarks:

| Mark |
|---|
|  |

24. To Plaintiffs' knowledge, use of the Diamond Unleashed marks has never caused any instance of consumer confusion as to the source or affiliation of its products or services.

25. Upon information and belief, Alpha Creations is an on-line retailer of jewelry and is based in the state of Texas.  True and correct copies of screenshots of Defendant's on-line retail store are attached as Exhibit F.

26. Upon information and belief, Alpha Creations operates as Brian Gavin Diamonds and is a sole proprietorship owned and operated by Brian Gavin.

27. Upon information and belief, Alpha Creations owns the following U.S. registrations:

| Registration Number | Mark | Registration Date | Class(es) |
|---|---|---|---|
| 3,808,148 | *Brian ♥ Gavin* | June 22, 2010 | 014 – Diamonds, cut diamonds, diamond jewelry, jewelry and precious stones<br><br>035 – On-line retail store services featuring jewelry, diamonds, precious and semi-precious and custom jewelry design |
| 4,764,656 | [diamond-heart logo] | June 20, 2015 | 014 – Bangles; Bracelets; Earrings; Jewelry; Necklaces; Pendants; Rings; Wedding bands |

True and correct copies of Defendant's trademark registrations are attached hereto as Exhibit G.

8

28. Upon information and belief, U.S. Registration Number 4,764,656 issued to Love in Pink, Inc.

29. Upon information and belief, Love in Pink, Inc. is a Delaware corporation having its principal place of business in New York.

30. Upon information and belief, Love in Pink, Inc. assigned U.S. Registration Number 4,764,656 to Alpha Creations on March 21, 2016.  Further, upon information and belief, Defendant purports to have acquired the goodwill associated with the assigned mark.  A true and correct copy of the trademark assignment is attached hereto as Exhibit H.

31. Upon information and belief, Alpha Creations filed an application, U.S. Serial Number 86,814,791, in Class 014 for "Cufflinks; Cut diamonds; Diamond jewelry; Diamonds; Earrings; Gemstone jewelry; Jewelry; Jewelry for attachment to clothing; Jewelry made in whole or significant part of diamonds; Precious and semi-precious gems; Precious and semi-precious stones; Precious jewels" and Class 035 for "On-line retail store services featuring jewelry, diamonds, precious and semi-precious stones and custom jewelry designs" with the United States Patent and Trademark Office on November 10, 2015 for the following mark:



A true and correct copy of the trademark application is attached hereto as Exhibit I.

32.     On Friday, December 11, 2015 Defendant sent KRNY a cease and desist letter, demanding Plaintiffs cancel the launch of the Diamonds Unleashed jewelry lines. Defendant further demanded a response by Sunday, December 13, 2015 - two days later. A true and correct copy of the December 11, 2015 cease and desist letter is attached hereto as Exhibit J.

33.     Defendant filed a Complaint in the Southern District of Texas, in case captioned *Alpha Creations, Inc. v. Kara Ross New York, LLC*, 4:15-cv-03608 (S.D. Tex. 2015) (hereinafter, the "Texas action"), on December 13, 2015. A true and correct copy of the December 13, 2015 complaint is attached hereto as Exhibit K.

34.     On Tuesday, December 15, 2015 Defendant sent KRNY a second cease and desist letter, again demanding Plaintiffs cancel the launch of the Diamonds Unleashed jewelry lines. The second cease and desist letter was sent two days after Defendant filed its Complaint in the Southern District of Texas. A true and correct copy of the December 15, 2015 cease and desist letter is attached hereto as Exhibit L.

35.     Prior to the December 11, 2015 cease and desist letter, KRNY had never heard of Alpha Creations, Inc., Brian Gavin Diamonds, or any of the marks claimed by Defendant.

36.     Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, service must be made upon a defendant "within 90 days after the complaint is filed[.]" Defendant had until March 14, 2016 to serve the complaint.

37.     As of March 15, 2016, Defendant did not serve the complaint upon KRNY or Diamonds Unleashed. Further, Defendant did not request a waiver of service.

38. On April 1, 2016, Defendant filed a First Amended Complaint in the Texas action, despite the failure to properly serve the original complaint within the allotted time period. Defendant's First Amended Complaint was untimely and improperly filed. A true and correct copy of the First Amended Complaint is attached hereto as Exhibit M.

39. Defendant, in the First Amended Complaint, stated its intention to oppose Plaintiffs' trademark applications upon publication.

40. Therefore, there exists an actual and justiciable controversy between Plaintiffs and Defendant.

41. Plaintiffs have made a substantial monetary investment and have developed significant goodwill in the Diamonds Unleashed marks. Defendant's allegations will continue to impede and interfere with Plaintiffs' legitimate business and philanthropic interests and endeavors. Therefore, Plaintiffs will suffer actual harm and injury as a result of Defendant's allegations and conduct.

**FIRST CLAIM FOR RELIEF**
**(Declaratory Judgment for Non-Infringement of Federal Trademark)**

42. Plaintiffs reallege and incorporate the allegations set forth in Paragraphs 1 through 41 herein.

43. A real and actual dispute, case, and/or controversy exists between the Parties as to the respective rights of the Parties to utilize gem-stone inspired marks for jewelry and related goods.

44. Without declaratory relief, Plaintiffs will be irreparably harmed and damaged.

45. Plaintiffs are entitled to a judgment declaring that their past, continued, and future use of the Diamonds Unleashed marks and trade dress is not likely to cause confusion, mistake, or deception as to the source, association, or affiliation of the Parties' respective products, goods, services, or businesses, under the Lanham Act.

## SECOND CLAIM FOR RELIEF
**(Declaratory Judgment for Non-Infringement of New York Common Law Trademark)**

46. Plaintiffs reallege and incorporate the allegations set forth in Paragraphs 1 through 45 herein.

47. A real and actual dispute, case, and/or controversy exists between the Parties as to the respective rights of the Parties to utilize gem-stone inspired marks for jewelry and related goods.

48. Without declaratory relief, Plaintiffs will be irreparably harmed and damaged.

49. Plaintiffs are entitled to a judgment declaring that their past, continued, and future use of the Diamonds Unleashed marks and trade dress is not likely to cause confusion, mistake, or deception as to the source, association, or affiliation of the Parties' respective products, goods, services, or businesses, under New York trademark common law.

## THIRD CLAIM FOR RELIEF
**(Declaratory Judgment for Non-Infringement of Texas Common Law Trademark)**

50. Plaintiffs reallege and incorporate the allegations set forth in Paragraphs 1 through 49 herein.

51. A real and actual dispute, case, and/or controversy exists between the Parties as to the respective rights of the Parties to utilize gem-stone inspired marks for jewelry and related goods.

52. Without declaratory relief, Plaintiffs will be irreparably harmed and damaged.

53. Plaintiffs are entitled to a judgment declaring that their past, continued, and future use of the Diamonds Unleashed marks and trade dress is not likely to cause confusion, mistake, or deception as to the source, association, or affiliation of the Parties' respective products, goods, services, or businesses, under Texas trademark common law.

## **FOURTH CLAIM FOR RELIEF**
**(Declaratory Judgment for No Unfair Competition under 15 U.S.C. § 1125)**

54. Plaintiffs reallege and incorporate the allegations set forth in Paragraphs 1 through 53 herein.

55. A real and actual dispute, case, and/or controversy exists between the Parties as to the respective rights of the Parties to utilize gem-stone inspired marks in jewelry and related goods.

56. Without declaratory relief, Plaintiffs will be irreparably harmed and damaged.

57. Plaintiffs are entitled to a judgment declaring that their past, continued, and future use of the Diamonds Unleashed marks and trade dress is not likely to cause confusion, mistake, or deception as to the source, association, or affiliation of the Parties' respective products, goods, services, or businesses, and does not unfairly compete with Defendant under the Lanham Act.

## **FIFTH CLAIM FOR RELIEF**
**(Declaratory Judgment for No Unfair Competition under New York Law)**

58. Plaintiffs reallege and incorporate the allegations set forth in Paragraphs 1 through 57 herein.

59. A real and actual dispute, case, and/or controversy exists between the Parties as to the respective rights of the Parties to utilize gem-stone inspired marks in jewelry and related goods.

60. Without declaratory relief, Plaintiffs will be irreparably harmed and damaged.

61. Plaintiffs are entitled to a judgment declaring that their past, continued, and future use of the Diamonds Unleashed marks and trade dress is not likely to cause confusion, mistake, or deception as to the source, association, or affiliation of the Parties' respective products, goods, services, or businesses, that Plaintiffs have not acted in bad faith, and Plaintiffs do not unfairly compete with Defendant under New York unfair competition common law.

## SIXTH CLAIM FOR RELIEF
**(Declaratory Judgment for No Unfair Competition under Texas Law)**

62. Plaintiffs reallege and incorporate the allegations set forth in Paragraphs 1 through 61 herein.

63. A real and actual dispute, case, and/or controversy exists between the Parties as to the respective rights of the Parties to utilize gem-stone inspired marks in jewelry and related goods.

64. Without declaratory relief, Plaintiffs will be irreparably harmed and damaged.

65. Plaintiffs are entitled to a judgment declaring that their past, continued, and future use of the Diamonds Unleashed marks and trade dress is not likely to cause confusion, mistake, or deception as to the source, association, or affiliation of the Parties' respective products, goods, services, or businesses, Plaintiffs are not "passing off" their goods and/or services as those of Defendants, and Plaintiffs do not unfairly compete with Defendant under Texas unfair competition common law.

## SEVENTH CLAIM FOR RELIEF
**(Declaratory Judgment for Determination of No False Designation of Origin under 15 U.S.C. § 1125(a))**

66. Plaintiffs reallege and incorporate the allegations set forth in Paragraphs 1 through 65 herein.

67. A real and actual dispute, case, and/or controversy exists between the Parties as to the respective rights of the Parties to utilize gem-stone inspired marks in jewelry and related goods.

68. Without declaratory relief, Plaintiffs will be irreparably harmed and damaged.

69. Plaintiffs are entitled to a judgment declaring that their past, continued, and future use of the Diamonds Unleashed marks and trade dress is not likely to cause confusion, mistake, or deception as to the source, association, or affiliation of the Parties' respective products, goods, services, or businesses, and does not constitute a false designation of origin under the Lanham Act, 15 U.S.C. § 1125(a).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that the Court enter judgment against Defendant Alpha Creations as follows:

A. Plaintiffs' past, present, and continued use and registration of the Diamonds Unleashed marks and trade dress in connection with their business does not and will not infringe any of Alpha Creation's trademark rights, or compete unfairly with Defendants, or falsely designate the origin of Plaintiffs' products or services, or otherwise constitute a violation of Defendant's rights;

B. Defendant, its affiliates, officers, agents, servants, employees, attorneys, representatives, distributors, licenses, and all persons in active concert or participation with them, be permanently enjoined and restrained from instituting, prosecuting, interfering with, or otherwise threatening any action against Plaintiffs, their affiliates, or anyone in privity with them, with respect to Plaintiffs' use or registration of the Diamonds Unleashed marks and trade dress in connection with its business, including from opposing, seeking to cancel, or otherwise objecting to any federal registration applications regarding the Diamonds Unleashed marks;

  C. That this case be deemed exceptional and that Plaintiffs be awarded their reasonable attorneys' fees and costs; and

  D. Any other such relief as the Court may be deem just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiffs demand a trial by jury of all issues properly triable to a jury in this case.

Dated: April 5, 2016

                 Respectfully submitted,

                 By: s/ Edward P. Bakos
                 Edward P. Bakos
                 Noam J. Kritzer
                 845 Third Avenue, Sixth Floor
                 New York, New York 10022
                 Telephone: (212) 724-0770
                 Telefacsimile: (973) 520-8260
                 ebakos@bakoskritzer.com
                 nkritzer@bakoskritzer.com

                 *Counsel for Plaintiffs:*
                 *Kara Ross New York, LLC*
                 *Diamonds Unleashed, LLC*